## VANARTSDALEN v. VANARTSDALEN.

Devise that executors should have the management, control, and leasing of a farm, and that testator's daughter should be permitted to remain thereon during her life at a moderate rent, in the discretion of executors; after the death of the daughter, the land was given to her children; at the death of the daughter, the estate vests in the children, who may maintain ejectment in their own name.

ERROR to the Common Pleas of Bucks county.

*March* 23.—This was an ejectment by infants by their guardian, for land devised to the children (plaintiffs) of testator's daughter after her decease, subject to $2000, with interest from his death. Testator directed that his daughter should be permitted to remain thereon during her life at a moderate rent, but if she became infirm, his executors were to deduct thereout as much as they deemed necessary for her support; any rent received was to go to the payment of the charge. Residue to his other children. The executors were appointed guardians, and were directed to have the care, superintendence, and renting of the farm. The daughter died, and this suit was brought against her husband. The court were of opinion the plaintiff could not sue as guardian.

*Fox,* for plaintiffs.—The executors clearly were only to have the care during the daughter's life; after that it immediately vested in the children. (The court declined hearing further argument.)

No one appeared for defendant.

*April* 11. KENNEDY, J.—The only question in this case is, whether the plaintiffs, the children of Jane Eliza Vanartsdalen, became entitled, immediately upon the death of their mother, to the possession of the land in question, under the will of their grandfather, Adrian Cornell. [His honour stated the case.] The testator, though he speaks of his executors in the plural number, appointed David Cornell alone the executor of his will, by whom this action is brought as the guardian of the children. The husband of the daughter, who is the father of the children, the plaintiffs, was living at the time of making the will, and is still living, and is the defendant in this action. The defence set up is, that the executor, by the terms of the will, is entitled to the possession of the land, so long, at least, as the children remain in their minority, and, therefore, this ejectment cannot be maintained by them; but if by any person, it must be by and in the name of the executor. It would seem from the will, as if the testator intended that his executor or executors should have the charge of the

land, and the leasing of it to his daughter, the mother of the plaintiffs, at such moderate rent as might be agreed on, or to strangers, as it may well be implied, with her consent; but it does not appear that this power was to be exercised quasi executor, longer than during the life of the mother of the plaintiffs, when, by the explicit terms of the will, it passed to the plaintiffs as their freehold, at least accompanied with, or right to the possession of course, as it does not seem to be disposed of otherwise. Besides, for all that was to be done after the death of the mother, there was nothing which required the interposition of the executor as such; as the guardian of the estate given to the plaintiffs, he could take care of and manage it for their benefit and advantage. It is fair also to presume, that the executor was appointed by the testator, guardian for the plaintiffs for this purpose; because the testator could not supersede the authority of their father over their persons as guardian, and consequently, the testator could only have intended that the executor should be guardian of the plaintiffs in regard to the estate given them by the will. This being, as we conceive, the design and intention of the testator, we think that the action is rightly brought in the names of the children by the executor as their guardian, and that the court ought to have instructed the jury to this effect, and not as they did, that David Cornell could not recover possession of the land, as *guardian ;* because, from the terms of the will, it would seem that the testator intended the executor should have the care of it.

The judgment is therefore reversed, and a venire de novo awarded.